

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RACHEL R. HOLLOWAY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:14-CV-2639-M (BF) |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Rachel R. Holloway brings this action under 42 U.S.C. § 405(g) for judicial review of the Commissioner of Social Security's ("Commissioner's") final decision denying her claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (the "Act"). For the following reasons, the Commissioner's decision should be REVERSED and REMANDED.

### Background

Plaintiff alleges that she is disabled due to a variety of ailments, including hypertension, anxiety, and depression. After her applications for DIB and SSI were denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). At the time of the hearing, Plaintiff was 50 years old. She has an eleventh-grade education and past work experience as a laundry worker and a sorter. Plaintiff has not engaged in substantial gainful activity since April 1, 2011.

The ALJ found that Plaintiff was not disabled and therefore not entitled to DIB or SSI. Although the medical evidence established that Plaintiff suffered from back pain secondary to

1

degenerative disc disease of the lumbar spine, major depressive disorder, and marijuana abuse alleged to be in remission, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that Plaintiff had the residual functional capacity ("RFC") to perform her past relevant work as a laundry worker. Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

In multiple grounds for relief, Plaintiff contends that (1) the ALJ used the wrong legal standard in evaluating the severity of her impairments; (2) her RFC is not supported by substantial evidence and results from reversible legal error; (3) the ALJ improperly rejected the opinions of her treating physicians; and (4) substantial evidence does not support the finding that she can perform her past relevant work as a laundry worker. The issues have been fully briefed, and this matter is ripe for determination.

## Legal Standards

A claimant must prove that she is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

(1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;

(2) an individual who does not have a "severe impairment" will not be found to be disabled;

(3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;

(4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and

(5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990) (paraphrasing 20 C.F.R. § 404.1520(b)-(f)).

The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)). If the Commissioner demonstrates that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits was supported by substantial evidence and to whether the proper legal standard was

utilized. *Greenspan*, 38 F.3d at 236; 42 U.S.C. § 405(g). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

## Analysis

In this case, the ALJ determined at step four of the sequential analysis that Plaintiff was not disabled because she was capable of performing her past work as a laundry worker, a job that requires strength at the medium exertional level. *See* Tr. at 24-25. Plaintiff contends that this determination is inconsistent with the ALJ's finding that her RFC was limited to work at the light exertional level. Pl.'s Br. at 12-13. The court agrees and finds that the ALJ's step four determination is not supported by substantial evidence. Remand is thus required to determine Plaintiff's eligibility for DIB and SSI.

A claimant's RFC corresponds to her ability to perform work activities despite the limitations imposed by her impairments and related symptoms. *See Villa v. Sullivan*, 895 F.2d 1019, 1023 (5th Cir. 1990). The claimant's RFC represents "the most" she can still do despite her limitations. *See* 20 C.F.R. § 404.1545. Among other things, the RFC determination is used in the fourth step of the sequential process to determine whether the claimant can perform any of her past work. 20 C.F.R. §§ 404.1545(a)(5), 416.945(a)(5). A claimant is not disabled if her RFC permits her to perform her past work. *See* 20 C.F.R. §§ 404.1520(f); 20 C.F.R. § 416.960.

Here, the ALJ concluded that Plaintiff had the physical RFC to perform the exertional requirements of light work.[1] Tr. at 22. Light work requires the ability to lift twenty pounds occasionally and ten pounds frequently. 20 C.F.R. § 404.1567(b). In making this RFC determination, the ALJ specifically considered Plaintiff's complaints of pain and objective medical evidence that Plaintiff suffered from degenerative lumbar disc disease. *See id.* at 22, 24. The ALJ discounted Plaintiff's complaints as not fully credible, but nonetheless determined that Plaintiff's degenerative disc disease reduced her RFC to the light exertional level. *Id.* The Commissioner does not dispute that Plaintiff's RFC is limited to light work.

Regarding her past relevant work, Plaintiff testified at the hearing that she had been serially employed in a variety of occupations over the years, including as a meat packer, a home health care provider, a housekeeper, a laundry worker, and a garment sorter. *See* Tr. at 41-45. The ALJ determined that only the laundry worker and sorter jobs constituted substantial gainful activity ("SGA") sufficient to qualify as past relevant work for purposes of the regulations.[2] *Id.* at 45, 61. At the hearing, Plaintiff explained that her laundry worker job involved "washing clothes and folding clothes for different hospitals and organizations," while her sorter job involved "working in an assembly line sorting out different clothes" and "taking donations." *Id.* at 44, 45. A vocational expert ("VE") identified the laundry worker job described by Plaintiff as that listed in the Dictionary of Occupational Titles ("DOT") as Laundry Worker I,

---

[1] The ALJ also found that Plaintiff's mental impairments limited her to work that does not require more than the ability to remember, understand, and carry out simple, routine, repetitive tasks. *Id.* Therefore, her full RFC was for less than the full range of light work. *See id.*

[2] The primary focus in determining whether work constitutes "substantial gainful activity" is the amount of earnings derived from the activity. *See* 20 C.F.R. § 404.1574(a)(1). If a claimant is paid a certain threshold amount of monthly earnings, as calculated by a formula set by the Commissioner, the job is presumed to constitute "substantial gainful activity." *Id.* § 404.1574(b)(2). If the amount of monthly earnings falls below this threshold, the job is presumed not to be "substantial gainful activity." *Id.* § 404.1574(b)(3)(i).

361.684-014,³ and testified that the job would be classified as medium work. *Id.* at 62. Medium work requires the ability to lift fifty pounds occasionally and twenty-five pounds frequently. 20 C.F.R. § 404.1567(c). The VE further identified the sorter job as that of Garment Worker, DOT 222.687-014, which is classified as light work. *Id.*

In her written decision, the ALJ concluded that Plaintiff was capable of performing her past relevant work as a laundry worker and therefore was not disabled. *Id.* at 24. This conclusion is not supported by substantial evidence. To determine that a claimant can do a given type of work, the ALJ must find that the claimant can meet the job's exertional requirements on a sustained basis. *See Carter v. Heckler*, 712 F.2d 137, 142 (5th Cir. 1983) (citing *Dubose v. Matthews*, 545 F.2d 975, 977-78 (5th Cir. 1977)). The ALJ determined that Plaintiff can perform the exertional requirements of light work only. Tr. at 22. The laundry worker job is medium work and thus necessarily exceeds "the most" Plaintiff can do despite her limitations.

The Commissioner does not contend that Plaintiff can perform medium work or her past laundry worker job. Indeed, the Commissioner concedes that the ALJ erred by stating Plaintiff is capable of performing her past relevant work as a laundry worker. Def. Br. at 9. The Commissioner argues, however, that such error is harmless because the ALJ's reference to her work "with goodwill" demonstrates that the ALJ intended to find that Plaintiff could return to her past relevant work as a garment sorter, which is consistent with her RFC for light work. *Id.* at 9-10. This argument is unavailing. "The ALJ's decision must stand or fall with the reasons

---

³ The DOT was promulgated by the Department of Labor to provide "standardized occupational information to support job placement activities." *See* Dictionary of Occupational Titles at xv (4th ed. 1991). The DOT, along with a companion volume – The Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles ("SCO") – contains descriptions of the requirements for thousands of jobs in the national economy.

set forth in the ALJ's decision . . . ." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000); *see also Cole v. Barnhart*, 288 F.3d 149, 151 (5th Cir. 2002) ("It is well-established that we may only affirm the Commissioner's decision on the grounds which he stated . . . .").

The relevant portion of the ALJ's decision reads, in its entirety:

> The claimant is capable of performing past relevant work as a laundry worker. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity. (20 C.F.R. §§ 404.11565 and 416.965).
>
> Ms. Jennifer Ann Maginnis, an impartial vocational expert, testified that the claimant's past relevant work as a laundry worker *with goodwill* was performed at the light exertional level and is classified as unskilled. The undersigned finds that the claimant's residual functional capacity as determined herein does not precluded [sic] her from being able to perform her past relevant work as a laundry worker.
>
> In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as actually and generally performed.

Tr. at 25 (emphasis added). Contrary to the Commissioner's post hoc rationalization, the ALJ's errant reference to Plaintiff's work "with goodwill" does not establish that "the ALJ meant to say that [Plaintiff] could perform her past relevant light work as a sorter." Def. Br. at 10. The testimony at the hearing was clear and unambiguous that Plaintiff performed two different jobs at the SGA level: (1) laundry worker with Premier Laundry and Linen; and (2) sorter with Goodwill. *See* Tr. at 44, 45. The ALJ and the VE discussed the requirements of both jobs in some detail, and VE plainly testified that the laundry worker job Plaintiff performed required medium work. *Id.* at 62. The record also leaves no doubt that the laundry worker job as generally performed requires work at the medium exertional level. The ALJ's decision repeatedly stated that Plaintiff is capable of performing the laundry worker job, both "as actually

7

and generally performed." *Id.* at 25. To the extent the ALJ's reference to Plaintiff's work "with goodwill" is ambiguous, such ambiguity must be resolved at the administrative level in the first instance. The court cannot simply rewrite the ALJ's decision in order to support the Commissioner's denial of benefits. *See Ortiz v. Colvin*, No. 3:14-CV-185-BF, 2015 WL 1400570, at *4 (N.D. Tex. Mar. 27, 2015) (court cannot affirm administrative action by substituting what it considers to be a more adequate or proper basis).

## **RECOMMENDATION**

The District Court should REVERSE the final decision of the Commissioner and REMAND this case for further proceedings consistent with this opinion.[4]

SO ORDERED, June 27, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

[4] By remanding this case for further administrative proceedings, the court does not suggest that Plaintiff is or should be found disabled.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

9